IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ERIE INSURANCE COMPANY
100 Erie Insurance Place
Erie, PA 16530,

and

STATE FARM FIRE AND CASUALTY COMPANY
1 State Farm Plaza        Case No.: 1:15-CV-6627
Bloomington, IL 61710,

    Plaintiffs,

v.

WELLSPRINGS PRODUCTS, INC.
1465 Slater Road
Ferndale, WA 98248,

    Defendants.

## COMPLAINT

Plaintiffs, Erie Insurance Company and State Farm Fire and Casualty Company, for their complaint against the Defendant, Wellsprings Products, Inc., state as follows:

### JURISDICTION

1. The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the plaintiffs and the defendant are citizens of different states, are diverse parties and the amount in controversy exceeds $75,000.00.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## PARTIES

3. Plaintiff, Erie Insurance Company ("Erie"), is an insurance company licensed to sell insurance in the State of Illinois, with its principal place of business located at 100 Erie Insurance Place, Erie, Pennsylvania.

4. Plaintiff, State Farm Fire and Casualty Company ("State Farm"), is an insurance company licensed to sell insurance in the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois.

5. Defendant, Wellsprings Products, Inc. ("Wellsprings"), is incorporated in the state of Washington with its principal place of business located at 1465 Slater Road, Ferndale, Washington. Wellsprings' registered agent for service of process is Gerald Yeung, 1465 Slater Road, Ferndale, Washington.

## FACTS

6. All prior paragraphs are incorporated by reference.

7. On or about February 6, 2015, a building owned by John Orlando located at 35 Conti Parkway, Elmwood Park, Illinois was rented and occupied by a chiropractic office. The office contained chiropractic equipment, including a PowerFit PFM002 Robust Vibration Unit ("Vibration Unit.")

8. On or about February 6, 2015, the Vibration Unit failed, causing a fire at the building located at 35 Conti Parkway, Elmwood Park, Illinois.

9. The Vibration Unit was manufactured in China and was introduced into the stream of commerce by its distributor, Inner Balance 3, through its United States office, Wellsprings Products, Inc.

10. At all times material hereto, Erie had in full force and effect a policy of insurance covering the building owned by John Orlando at 35 Coni Parkway, Elmwood Park, Illinois.

11. At all times material hereto, State Farm had in full force and effect a policy of insurance covering the unit rented by Patricia Palmisano at 36 West Conti Parkway, Second Floor, Elmwood Park, IL 60707.

12. After a full investigation of the facts and pursuant to the contract of insurance, Erie determined it was reasonable and necessary to pay on behalf of its insured the sum of $512,984.04, to cover property damage caused by a a effect in the Vibration Unit.

13. After a full investigation of the facts and pursuant to the contract of insurance, State Farm determined it was reasonable and necessary to pay on behalf of its insured the sum of $20,309.19, to cover property damage caused by a a effect in the Vibration Unit.

14. By virtue of its payments, terms of its policies of insurance, and by virtue of equity, the plaintiffs have become and are subrogated to all rights, remedies, and causes of action accruing to their insureds and against Wellsprings Products, Inc.

## **FIRST CAUSE OF ACTION: STRICT PRODUCT LIABILITY**

15. All prior paragraphs are incorporated by reference.

16. The design, manufacture, and sale of the Vibration Unit created a dangerous, unsafe, and defective condition, which existed at the time the Vibration Unit left the hands of the Wellsprings.

17. At the time the Vibration Unit was designed, manufactured, and placed into the stream of commerce by Wellsprings, it was in a defective and unreasonably dangerous condition.

18. At all times material hereto, Wellsprings was engaged in the business of designing, manufacturing and/or selling Vibration Units

19. The aforementioned Vibration Unit was expected to, and did reach, its end user without substantial change in the condition it was in when it left the business premises of Wellsprings.

20. As a direct and proximate result of Wellsprings' negligence in the design, manufacture, and/or sale of the Vibration Unit, John Orlando and Patricia Palmisano sustained damage to the personal property, which was covered by the policies issued by the Plaintiffs.

## **SECOND CAUSE OF ACTION – NEGLIGENCE**

21. All prior paragraphs are incorporated by reference.

22. Wellsprings was negligent in selling a defective and unreasonably dangerous Vibration Unit.

23. Wellsprings' negligence was a cause of the damages to John Orlando and Patricia Palmisano's property, which were paid by the Plaintiffs.

**WHEREFORE,** Erie Insurance Company and State Farm Fire and Casualty Company demand judgment against Wellsprings Products, Inc. in an amount to be determined, plus prejudgment interest, all taxable costs, fees and disbursements and all other just and equitable relief.

Dated this 29th day of July, 2015  **YOST & BAILL, LLP**

*Attorneys for Plaintiffs,*
Erie Insurance Company and
State Farm Fire and Casualty Company


/s/ Teirney S. Christenson
Teirney S. Christenson
Wisconsin State Bar No: 1056438
2300 North Mayfair Road
Suite 745
Milwaukee, WI 53226
Telephone: (414) 203-2054
Facsimile: (414) 259-0610
tchristenson@yostbaill.com